**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Joseph G. Rosania, Jr.

| | |
|---|---|
| In re:<br><br>AMANDA RAE ANDERSON,<br>SSN:  xxx-xx-9422,<br>JOSHUA ERIC ANDERSON,<br>SSN:  xxx-xx-3626,<br><br><br>Debtors. | Case No. 17-21696-JGR<br>Chapter 7 |
| MERL MITCHELL,<br><br>       Plaintiff.<br>v.<br><br>AMANDA RAE ANDERSON,<br>JOSHUA ERIC ANDERSON,<br><br>Defendants. | Adv. Pro. No. 18-01109-JGR |

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 60(b)**

THIS MATTER is before the Court on the Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) filed by Amanda Rae Anderson ("Defendant") on March 12, 2026 (Doc. 52).  The Motion seeks to vacate a judgment entered on October 8, 2019, against the Defendant and Joshua Eric Anderson excepting from discharge a claim in the amount of $367,000.00 pursuant to 11 U.S.C. § 523(a)(2)(A), (4) and (6).  The Motion asserts that the Defendant "did not knowingly participate in the adversary proceeding and did not have a meaningful opportunity to respond to the allegations contained in the Complaint."

**PROCEDURAL BACKGROUND**

The Defendant and Joshua Eric Anderson filed a Joint Chapter 7 Voluntary Petition on December 28, 2017 (Bankruptcy Case Doc. 1).  The voluntary petition disclosed the Defendant's address as 2249 Wingler Place, Brighton, CO, 80601.

The Defendant and Joshua Eric Anderson were represented by counsel in the bankruptcy case. The Disclosure of Compensation filed in the bankruptcy case excluded representation of the debtor(s) in adversary proceeding(s) (Bankruptcy Case Doc. 3).

The Chapter 7 Trustee filed a Report of No Distribution in the Bankruptcy Case on January 25, 2018, and the bankruptcy case was closed on July 24, 2020. The Defendant and Eric Joshua Anderson did not file a change of address at any time during the pendency of the bankruptcy case.

This Adversary Proceeding was commenced on March 29, 2018, after a letter mailed by Merl Mitchell ("Plaintiff") through the Colorado Department of Corrections was received by the Clerk seeking to except from discharge claims against the Defendant and Joshua Eric Anderson. Plaintiff was incarcerated at the time.

On July 12, 2018, the Court entered an order granting a motion filed by the Plaintiff seeking the issuance of an alias summons to the Defendant and Joshua Eric Anderson (Doc. 11). The alias summons was issued on July 12, 2018 (Doc. 12).

On September 10, 2018, Plaintiff filed a Motion for Entry of Default (Doc. 17). The Motion for Default was served, by mail, on the Defendant and Joshua Eric Anderson at 2249 Wingler Place, Brighton, CO, 80601 and served by mail on their bankruptcy counsel.

On September 11, 2018, the Court entered an Order Denying the Motion for Entry of Default for failure to comply with L.B.R. 7055-1, which requires the Clerk's entry of default, sought by separate motion, prior to filing a motion for default judgment (Doc. 18). On September 13, 2018, the order was served, by mail, on the Plaintiff, the Defendant and Joshua Eric Anderson at 2249 Wingler Place, Brighton, CO, 80601 and served, by mail, on bankruptcy counsel (Doc. 19).

On September 27, 2018, Plaintiff filed a Verified Motion for Clerk's Entry of Default (Doc. 20) reciting that the alias summons and Complaint were properly served on July 12, 2018. No answer or other responsive pleading was timely filed, and no extension of time was sought. The Verified Motion for Clerk's Entry of Default was served, by mail, on the Defendant and Joshua Eric Anderson at 2249 Wingler Place, Brighton, CO, 80601 and served, by mail, on their bankruptcy counsel.

On September 28, 2018, the Court entered a Clerk's Entry of Default (Doc. 21). On September 30, 2018, the Clerk's Entry of Default was served, by mail, on the Plaintiff, the Defendant and Joshua Eric Anderson at 2249 Wingler Place, Brighton, CO, 80601 and served, by mail, on bankruptcy counsel (Doc. 22).

On February 4, 2019, Plaintiff filed a Motion for Default Judgment pursuant to L.B.R. 7055-1(b), and F.R.C.P. 55 (Doc. 26) and was served, by mail, on the Defendant and Joshua Eric Anderson at 2249 Wingler Place, Brighton, CO, 80601 and served, by mail, on their bankruptcy counsel.

On February 19, 2019, after no response was timely filed, the Court entered an Order Setting a Preliminary Hearing on Plaintiff's Motion for Default Judgment (Doc. 27).

2

On February 21, 2019, the order was served, by mail, on the Plaintiff, the Defendant and Joshua Eric Anderson at 2249 Wingler Place, Brighton, CO, 80601 (Doc. 28).

On March 19, 2019, the Court conducted a preliminary hearing noting that the Plaintiff was unable to appear due to his incarceration.  At the hearing, the Court ordered that the Plaintiff shall have up to and including May 17, 2019, to within which to file an affidavit in support of his Motion for Default Judgment itemizing claimed damages (Doc. 30).  On March 21, 2019, the Minutes of Proceeding were served, by mail, on the Defendant and Joshua Eric Anderson at 2249 Wingler Place, Brighton, CO, 80601 and served, by mail, on their bankruptcy counsel (Doc. 31).

On July 18, 2019, Plaintiff filed an Affidavit in Support of the Motion for Default Judgment (Doc. 35).

On August 6, 2019, the Court entered an Order Requiring Plaintiff to Properly Serve the Affidavit (Doc. 36).  On August 8, 2019, the order was served, by mail, on the Plaintiff, the Defendant and Joshua Eric Anderson at 2249 Wingler Place, Brighton, CO, 80601 (Doc. 37).

On September 12, 2019, Plaintiff filed a Certificate of Service (Doc. 38).

On October 8, 2019, the Court entered an Order Entering Default Judgment (Doc. 39), the Judgment for Plaintiff, Merl Mitchell Against Defendants, Amanda Rae Anderson and Joshua Eric Anderson determining a judgment in the amount of $367,000.00 is excepted from discharge pursuant to 11. U.S.C. Section 523(a)(2)(A), (4) and (6) (Doc. 40) and Notice of Entry on Docket (Doc. 41).

On October 10, 2019, the Order Entering Default Judgment was served, by mail, on the Plaintiff, on the Defendant and Joshua Eric Anderson at 2249 Wingler Place, Brighton, CO, 80601 and served, by mail, on bankruptcy counsel (Doc. 42).

On October 10, 2019, the Judgment was served, by mail, on the Plaintiff, the Defendant and Joshua Eric Anderson at 2249 Wingler Place, Brighton, CO, 80601 and served, by mail, on their counsel (Doc. 43).

On October 10, 2019, the Notice of Entry on Docket was served, by mail, on the Plaintiff, the Defendant and Joshua Eric Anderson at 2249 Wingler Place, Brighton, CO, 80601 and served, by mail, on bankruptcy counsel (Doc. 44).

## ANALYSIS

The Federal Rules of Civil Procedure provide that a litigant subject to an adverse judgment may file a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b), made applicable to bankruptcy cases pursuant to Fed.R.Bankr.P. 9024.

The Defendant is acting as a pro se litigant and the Court has liberally construed and held her to a less stringent standard than formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520-521, 30 L. Ed. 652, 92 S. Ct. 594 (1972).

Rule 60(b) provides six enumerated grounds for relief:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> (4) the judgment is void;

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b), made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 9024.

"Relief from judgment under Rule 60(b) falls within the discretion of the Court, but such relief is extraordinary, and should only be granted in exceptional circumstances." *Richter*, 481 B.R. 682 (citing *LaFluer v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003); *Amoco Oil Co. v. United States Department of Environmental Protection*, 231 F.3d 694, 697 (10th Cir. 2000); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F,2d 1437, 1440 (10th Cir. 1990)).

The Defendant argues the judgment should be vacated under Fed.R.Civ.P. 60(b)(4) because she "did not knowingly participate in the adversary proceeding and did not have a meaningful opportunity to respond to the allegations contained in the Complaint."

Service in adversary proceedings is governed by Fed.R.Bankr.P. 7004. Fed.R.Bankr.P. 7004(b)(9) authorizes service by mail on "the debtor, after a petition has been filed or served upon a debtor, and until the case is dismissed or closed—by mailing a copy to the address shown on the debtor's petition or on the address the debtor specifies in a filed writing" with a copy served on debtor's attorney, pursuant to subsection (g).

The docket report in the adversary proceeding reflects that the Defendant was properly served at the address shown on the bankruptcy petition with the following documents:

- Alias Summons (Doc. 12) and Complaint (Doc. 1)
- The Motion for Entry of Default (Doc. 17)

- Order Denying Motion for Entry of Default (Doc. 18)
- Verified Motion for Clerk's Entry of Default (Doc. 20)
- Clerk's Entry of Default (Doc. 21)
- Motion for Default Judgment Pursuant to L.B.R. 7055-1(b), and F.R.C.P. 55 (Doc. 26)
- Order Setting Preliminary Hearing on Plaintiff's Motion for Default Judgment (Doc. 27)
- Minutes of Proceeding Regarding Preliminary Hearing on Motion for Default (Doc. 30)
- Affidavit in Support of the Motion for Default Judgment (Docs. 35 and 38)
- Order Entering Default Judgment (Doc. 39)
- Judgment (Doc. 40)
- Notice of Entry on Docket (Doc. 41)

The Motion for Relief from Judgment fails to allege Defendant moved from the address listed on the bankruptcy petition at any time before the bankruptcy case was closed in July of 2020, which would have prevented her from receiving the Summons and Complaint and other filings. Regardless, Fed.R.Bankr.P. 4002(a)(5) provides "in addition to performing other duties that are required by the Code or the Rules, the debtor must file a statement of any change in the debtor's address."

> Debtors in bankruptcy have certain responsibilities. One of them is filing a statement of any change in the debtor's address. This obligation is significant because Federal Rule of Bankruptcy Procedure 7004 permits service by mail on a debtor at the address shown on the debtor's petition or the address the debtor specifies in a filed writing. Specifically, Rule 7004(b)(9) provides in relevant part that:
>
> a copy of a summons and complaint may be served by first-class mail, postage prepaid, within the United States on . . . the debtor, after a petition has been filed by or served upon a debtor, and until the case is dismissed or closed — by mailing the copy to the address shown on the debtor's petition or the address the debtor specifies in a filed writing.
>
> "Generally, where notice is sent to the address listed by the debtor in his or her bankruptcy petition, due process is satisfied." Proof of actual *receipt* of the notice is not required, and "courts have held that service is effective on a debtor even if mailed to the wrong address, if the address to which it is mailed is the last listed by the debtor in a filed writing." Thus, "[t]he debtor who fails to keep the court apprised of his proper mailing address has only himself to blame."

*McGee-Weiss v. Parker (In re Parker)*, Nos. 24-17138-SMG, 25-1232-SMG, 2025 Bankr. LEXIS 2144, at *3-4 (Bankr. S.D. Fla. Aug. 28, 2025).

5

Service of the Summons and Complaint was proper on the Defendant pursuant to Fed.R.Bankr.P. 7009(b)(9).   The Defendant had the opportunity to participate in the adversary proceeding.   The choice to fail to participate was done at her own peril.

"Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."   *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

## CONCLUSION

Here, due process has been satisfied.   Defendant has failed to establish grounds to vacate the judgment.   Accordingly, it is

ORDERED that the Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) filed by Amanda Rae Anderson on March 12, 2026 (Doc. 52) is DENIED.

Dated this 25th day of   March   , 2026.

BY THE COURT:

_____
Joseph G. Rosania, Jr.
United States Bankruptcy Judge

6